# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RALPH JACKSON,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **TEAMSTERS LOCAL UNION 922,** *et al.*, <br><br> Defendants. | Civil Action No. 12-2065 (JEB) |

## MEMORANDUM OPINION

Plaintiffs are former employees of Giant Food LLC who claim that the company conspired with their former unions – Teamsters Local 922 and Warehouse Employees Local 730 – to fire them and convince them to sign disadvantageous severance agreements. Plaintiffs originally filed their Complaint *pro se*, but having retained counsel, they now seek leave to file an Amended Complaint. All three Defendants, who had initially moved to dismiss the original Complaint, oppose such filing, arguing that the proposed amendments would be futile and will prejudice them. Given the liberality of the Federal Rules regarding amendment at this early stage, the Court concludes that Plaintiffs should be permitted to proceed on their Amended Complaint.

## I.    Background

On June 30, 2012, Giant laid off 19 of its employees, including Plaintiffs. See Am. Compl., ¶¶ 2-10, 35. In response, Plaintiffs filed a *pro se* Complaint suing Giant as well as the two unions that represented them, Teamsters Local 922 and Warehouse Employees Local 730. See ECF No. 1 (December 27, 2012). Plaintiffs claimed that Giant and the unions had colluded to misrepresent the reasons for the layoffs and to induce them to sign unfavorable severance

1

agreements. See Compl., ¶¶ 21-24. The Complaint stated several causes of action, including breach of contract, breach of the duty of fair representation, discrimination, negligence, and conspiracy. See id., ¶¶ 29-72. The three Defendants each filed separate Motions to Dismiss the Complaint. See ECF No. 2 (Local 922 Motion, May 2, 2013); ECF No. 8 (Local 730 Motion, May 23, 2013); ECF No. 13 (Giant Motion, June 6, 2013).

Plaintiffs subsequently retained counsel and have now moved for leave to file an Amended Complaint. See ECF No. 24 (July 1, 2013). The proposed Amended Complaint drops all claims against Local 922 and Local 730 except for the allegation that the unions violated their duties of fair representation. See Am. Compl., ¶¶ 90-153. As for Giant, the Amended Complaint drops most of the claims but also adds new ones, including misrepresentation, fraud, constructive fraud, detrimental reliance, and retaliation. See id., ¶¶ 200-38. All three Defendants oppose Plaintiffs' Motion, claiming that amendment would be futile and that it would unduly prejudice them. See Giant Opp. to Am. at 1; Local 922 Opp. to Am. at 1; Local 730 Opp. to Am. at 1.

## II. Legal Standard

A plaintiff may amend its complaint once as a matter of course within 21 days of serving it or within 21 days of being served a responsive pleading. See Fed. R. Civ. P. 15(a)(1). Otherwise, the plaintiff must seek consent from the defendant or leave from the court. See Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. In deciding whether to grant leave to file an amended complaint, the court may consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178,

182 (1962). In this Circuit, "it is an abuse of discretion to deny leave to amend unless there is sufficient reason." Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996). Furthermore, under Rule 15, "the non-movant generally carries the burden in persuading the court to deny leave to amend." Nwachukwu v. Karl, 222 F.R.D. 208, 211 (D.D.C. 2004).

It is clear, however, that amendment should not be permitted if it would be futile. In other words, "a district court may properly deny a motion to amend if the amended pleading would not survive a motion to dismiss." In re Interbank Funding Corp. Sec. Litig., 629 F.3d 213, 218 (D.C. Cir. 2010); see also James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996) ("Courts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss.").

## III. Analysis

Because each Defendant has filed its own Opposition to Plaintiffs' Motion to Amend their Complaint, and because the issues affecting each Defendant are slightly different, the Court will address each separately.

### A. Local 922

Local 922's first argument is that the proposed Amended Complaint is futile because it does not include any "[n]ew [c]laims" that could "[s]urvive a [m]otion to [d]ismiss." Local 922 Opp. to Am. at 3. That, however, is not the correct standard. A motion to amend is futile only if "the proposed pleading would not survive a motion to dismiss." Nat'l Wrestling Coaches Ass'n v. Dep't of Educ., 366 F.3d 930, 945 (D.C. Cir. 2004) (emphasis added). In this case, Local 922 has conceded that the single count lodged against it in the Amended Complaint – breach of the duty of fair representation – is not subject to dismissal at this time. See, e.g., Local 922 Reply at 6 ("Any and All Allegations Other than a Breach of a Duty of Fair Representation Must be

3

Dismissed"). It is therefore not futile for Plaintiffs to amend their Complaint as proposed, at least as far as this Defendant is concerned.

Local 922's observation that the Amended Complaint states several inapposite or unavailable bases for jurisdiction – for instance, diversity jurisdiction and jurisdiction under the Employee Retirement Income Security Act, see Am. Compl., ¶ 1 – is a red herring. Since the union does not question the jurisdictional basis for Plaintiffs' duty-of-fair-representation claim, see Local 922 Opp. to Am. at 4 (describing "the necessity of dismissing the variety of jurisdictional bases (other than the duty of fair representation)"), the fact that Plaintiffs may have been cautious to the point of error in listing additional bases for the Court's jurisdiction does not render their proposed amendment futile.

Local 922's second reason for opposing amendment is that it would prejudice the union because the proposed Amended Complaint "asserts no new plausible causes of action or pertinent facts" but would "require[e] [Local 922] to file a second motion to dismiss." Id. at 5. Even if Local 922 is right about the content of the Amended Complaint, it is difficult to see the logic of its argument. Plaintiffs' original Complaint asserted five claims against the union – breach of contract, negligence, conspiracy, discrimination, and breach of the duty of fair representation. See Compl., ¶¶ 29-72. Local 922 moved to dismiss the first four on the ground that they were preempted and subsumed by the fifth, which it pointedly did not move to dismiss. See Local 922 MTD at 5-9. If the union now believes that the duty-of-fair-representation claim in the Amended Complaint should be dismissed for some new reason, then it may file another motion to dismiss with that argument. This would have been necessary whether or not any amendment had occurred. As a result, Local 922 cannot plausibly claim prejudice from the proposed amendment.

4

B. Local 730

Local 730 leads with the same jurisdictional argument as Local 922: it claims that the proposed Amended Complaint is futile because it includes a number of incorrect or irrelevant bases for the Court's jurisdiction over this dispute. But again, Local 730 similarly concedes that the Court has jurisdiction over the single duty-of-fair-representation claim brought against it in the Amended Complaint. See Local 730 Opp. to Am. at 6. As before, therefore, the jurisdictional argument fails. While the Amended Complaint's statement of jurisdiction may be overwrought, it is not futile.

Next, Local 730 points out that the Amended Complaint describes Plaintiffs' fair-representation claim with reference to a number of common-law and state-law doctrines. The union argues that "to the extent Plaintiffs assert that their duty of fair representation claim includes … such claims[,] [they] must be rejected because they are subsumed by the duty of fair representation." Id. at 7-8. This argument makes for a second red herring. Plaintiffs' Amended Complaint states only a single claim against Local 730: breach of the duty of fair representation. See Am. Compl., ¶¶ 128-53. If the union believed that Plaintiffs had failed to allege sufficient factual matter to plausibly make out this count, then it could have argued that the Amended Complaint would not survive a motion to dismiss and that Plaintiffs' Motion should be denied on that basis. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); In re Interbank Funding Corp. Sec. Litig., 629 F.3d at 218. But Local 730 may not simply pick out the bits and pieces of the duty-of-fair-representation claim that it does not like.

Local 730, like Local 922, also argues that the Amended Complaint would prejudice it by "requiring [it] to file a second motion to dismiss" in spite of the fact that the proposed amendment "asserts no new plausible causes of action or pertinent facts." Local 730 Opp. to

Am. at 8. Yet Local 730, like Local 922, is not prejudiced by the proposed amendment. The Amended Complaint drops the claims that Local 730 previously sought to dismiss, and so the union has effectively prevailed on its original Motion. If Defendant believes it can prevail on a subsequent motion to dismiss, it may file one.

Finally, while Local 730, unlike Local 922, had also moved for summary judgment on the fair-representation claim, see Local 730 MTD at 14-21, the Amended Complaint clearly contains new allegations pertinent to that count – for instance, that Local 730 allegedly discriminated against Plaintiffs Tiffany Cherry and Sharron Foster based on their gender. See Am. Compl., ¶¶ 120-22, 147. Such new allegations would necessitate a new dispositive motion. At this early stage of the proceedings, the fact that a party must file a new summary judgment motion does not constitute the kind of prejudice that would justify denying amendment.

    C. <u>Giant</u>

Unlike the unions, Giant argues that much of the proposed Amended Complaint is futile because the new claims that Plaintiffs levy against it are preempted by federal labor law. The original Complaint stated three causes of action against Giant: breach of contract, discrimination, and conspiracy. See Compl., ¶¶ 29-42, 58-60, 68-72. Giant filed a Motion to Dismiss the latter two counts on the ground that they were preempted by the National Labor Relations Act. See Giant MTD at 6-11. In response, the Amended Complaint drops those two counts and replaces them with claims for misrepresentation, fraud, constructive fraud, detrimental reliance, and retaliation. See Am. Compl., ¶¶ 200-05, 206-14, 215-21, 223-28, 229-38. Giant contends that these claims, too, are preempted by the NLRA. Giant does not, however, challenge the breach-of-contract claim, which the Amended Complaint retains from Plaintiffs' original filing.

6

Accordingly, even if the Court dismisses the new counts in the Amended Complaint, Giant will remain a party to this suit due to the breach-of-contract claim against it.

At this stage of the proceedings, and under these circumstances, the Court does not believe it prudent now to require Plaintiffs to dismiss the new counts in their Amended Complaint. Giant's Motion to Dismiss the original Complaint argued at length that Plaintiffs' discrimination and conspiracy claims were preempted by the NLRA, relying primarily on precedent specific to discrimination and civil-conspiracy cases. See Giant MTD at 9-12. In its Opposition to Plaintiffs' Motion to Amend, however, Giant devotes just a few lines to its preemption argument:

> The fraud and misrepresentation claims are repackaged versions of the original conspiracy claim, and the retaliation claim is a repackaged version of the original discrimination claim. By seeking to withdraw the conspiracy and discrimination claims, Plaintiffs have effectively conceded that they are preempted and/or lack merit. Therefore, the amendments would be futile.

Giant Opp. to Am. at 4. If Giant is right, then Plaintiffs' new claims would have to be dismissed, since in the NLRA preemption analysis, "[i]t is the conduct being regulated, not the formal description of governing legal standards, that is the proper focus of concern." Amalgamated Ass'n of St., Elec. Ry., & Motor Coach Emps. v. Lockridge, 403 U.S. 274, 292 (1971). And indeed, on first glance, it appears that the new claims in the Amended Complaint do describe essentially the same conduct as the ones in the original Complaint. Compare Am. Compl., ¶¶ 200-05, 206-14, 215-21, 223-28 (misrepresentation, fraud, constructive fraud, and detrimental reliance claims), and id., ¶¶ 229-238 (retaliation claim), with Compl., ¶¶ 68-72 (conspiracy claim), and id., ¶¶ 58-60 (discrimination claim). Yet without a fuller argument from Giant directed specifically to the claims at issue, the Court cannot be certain that they would not survive a motion to dismiss. Unlike Local 922 and Local 730, Giant has not argued that it would

be prejudiced by the filing of the Amended Complaint and, in fact, has indicated its willingness to file a new motion to dismiss specifically challenging Plaintiffs' new claims on preemption grounds. See Giant Opp. to Am. at 4. In order to avoid prematurely dismissing Plaintiffs' claims, therefore, the Court will not deny their Motion to Amend on this basis.

Giant offers two final reasons why Plaintiffs should not be permitted to amend their Complaint, but neither persuades. First, it contends that Plaintiffs failed to provide proof of service on any Defendant within the timeframe set by this Court. See Minute Order of April 30, 2013. Even if Giant is right, however, Plaintiffs' Complaint would be dismissed without prejudice, see id., which means they would simply have to refile their Complaint. Plaintiffs have essentially done just that by instead filing an Amended Complaint. Second, Giant argues that Plaintiffs failed to meet and confer with it pursuant to Local Civil Rule 7(m) because although Plaintiffs did "inform Giant that [they] would file an Amended Complaint, Plaintiffs' counsel failed to mention … two of the claims Plaintiffs now seek to include." Giant Opp. to Am. at 3-4. Rule 7(m), however, requires only that the parties "discuss the anticipated motion … in a good faith effort to determine whether there is any opposition to the relief sought." Plaintiffs' counsel complied with that directive in her email to Giant's attorneys by stating her intent to amend the Complaint and offering a brief summary of what she expected to change. See Giant Opp., Exh. A (Email from Jo Ann Myles). That is enough.

**IV.     Conclusion**

For the foregoing reasons, the Court will grant Plaintiffs' Motion for Leave to File their Amended Complaint. A separate Order consistent with this Opinion will be issued this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: October 30, 2013