1             CERTIFICATE OF DEPONENT

2         I, Donchez Coates, do hereby certify that

3 I have read the foregoing pages, 291 through 355,

4 inclusive, which contain a correct transcript of the

5 answers given by me to the questions propounded to me

6 herein, except for changes, if any, duly noted on the

7 enclosed errata sheet.

10 _Donchez Coates 6/3/15_
      WITNESS

14 ~~Sworn and subscribed to~~ Witness before me this

15 _3rd_ day of _June_, 2015.

17 ~~My commission expires:~~         ~~Notary Public~~

18 _[signature]_

# ERRATA SHEET

Case: Jackson, e. al. v. Teamsters Local 922, e. al. VOL II Deposition of Donchez Coates on taken on: April 30, 2015. Deposition Completed May 5, 2015.

| Page | Line | Reads | Should Read |
|---|---|---|---|
| 293 | 17 | …correct. | …correct because there was a pending motion by my counsel with the court concerning producing the NLRB affidavit. (reason-for clarification) |
| 296 | 7 | …changes. | …changes. Ms. Babale was actually creating the affidavit as I spoke.(reason-for clarification) |
| 297 | 3 | Yes. | Yes and after I signed the document. (reason-for clarification) |
| 300 | 1 | …not. | …not, because I requested my attorney to ask the NLRB to make the changes. (reason-for clarification) |
| 302 | 1 | …need. | …needed. (reason-correction) |
| 302 | 5 | No, I didn't. | No, I didn't, but my attorney did. |
| 306 |  | ….is here | …is here and the name is actually Mike Neumann. (reason-for clarification) |
| 307 | 19 | …who it… | …who he…(reason-clarification) |
| 329 | 4 | …that sometimes… | …that sometime later…(reason-for clarification) |
| 338 | 1 | Um-humm. | Yes, the questions that were asked are not in the affidavit. (reason-for clarification) |

| | | | |
|---|---|---|---|
| 339 | 19 | ...the whole process... | ...the whole hiring and application process...(reason-for clarification) |
| 349 | 6 | No. | No. Ms. Buie did not tell me that we would have recall rights if we did not sign the separation agreement. (reason-for clarification) |
| 350 | 1 | I can't recall what me and Ms. Buie said Buie said between each Other. | Yes, it is my testimony that Ms. Buie failed to tell me during the union meeting that we had any six-months of re-call rights instead of signing the separation agreement. (reason-for clarification) |
| 350 not | 4 | Correct. | Yes, I do recall. Ms. Buie did tell me during the union meeting That we had any option of accepting six months of re-call rights instead of signing the separation agreement. (reason-clarification) |
| 354 | 11 | ...,she would. | ...,she would have. (reason-for completion) |
| 354 | 17 | ...that answer... | ...that question wasn't answered. (reason-for completion) |

Page 288

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - x

RALPH JACKSON, ET AL.          :

      Plaintiffs             :

vs.                            :   No. 12-2065 (JEB)

TEAMSTERS LOCAL UNION 922,     :
ET AL.

      Defendants             :

- - - - - - - - - - - - - - - - x

          April 30, 2015

          Washington, D.C.

CONTINUED DEPOSITION OF:

            DONCHEZ COATES

    was re-called for further examination by counsel for the Defendant Giant Food, pursuant to notice, taken at Saul Ewing, LLP, 1919 Pennsylvania Avenue, N.W., Suite 550, Washington, D.C., commencing at 12:05 p.m., before Misty Klapper, a Notary Public in and for the District of Columbia, when were present on behalf of the respective parties:

Page 345

1  severance package, you would lose the opportunity to
2  be called back to work within six months, correct?
3       A.   I'm sorry, I'm getting a little confused
4  here.
5       Q.   Okay.
6       A.   Restate the question.
7       Q.   Okay.  You swore under oath in this
8  affidavit that Ms. Hall -- excuse me, Ms. -- Ms. Hall
9  told you that if you took the severance package, you
10 would lose the opportunity to be called back within
11 six months.  You then told me that it was a mistake or
12 just clarified that, in fact, she did tell you that,
13 but it was in response to a question that you asked.
14 Okay?
15           And then you said -- I asked what
16 question you asked.  And you said that if you took the
17 severance package, you would lose the opportunity to
18 be called back to work within six months, right?  You
19 asked her if that was true?
20           MS. MYLES:  Objection to the form of the
21 question and it's compound.
22           THE WITNESS:  Yeah, I'm sorry.  You're

Page 346

1  just throwing them all at me at once.
2           BY MR. PLATT:
3       Q.   Let's start at the beginning.
4            Prior to meeting Miss Hall, had you heard
5  rumors about whether or not you would -- could be
6  re-called to the company?
7       A.   I might have, yeah.
8       Q.   You might have?
9       A.   I might have, may have, might have, same
10 difference.
11      Q.   Sure.  Did you or didn't you?
12      A.   I may have.
13      Q.   May have.  Who might you have heard it
14 from?
15      A.   I can't say specifically.
16      Q.   But you knew going in there to ask that
17 question, correct?
18      A.   No.
19      Q.   Okay.  Why did you ask this question?
20      A.   I can't say why I asked the question.  I
21 just know I did.
22      Q.   Okay.  So when your counsel asked you how

Page 347

1  you had heard about it and you said I heard rumors,
2  you're now saying that testimony is incorrect?
3            MS. MYLES:  Objection.  I didn't ask him
4  how he heard about it.
5            BY MR. PLATT:
6       Q.   When you testified earlier that you heard
7  rumors, are you now stating that it's incorrect that
8  you had heard rumors about the re-call rights?
9            MS. MYLES:  Objection to the form of the
10 question and mischaracterizes his prior testimony.
11           THE WITNESS:  The question you asked me,
12 am I saying that this statement is false?  Is that
13 what you're asking me?
14           BY MR. PLATT:
15      Q.   No, I'm saying earlier you testified that
16 you heard rumors about re-call rights, which is why
17 you asked this question.  And now you're telling me
18 that you don't recall if you heard rumors.
19           So I'm saying, did you or did you not
20 hear rumors about your re-call rights prior to meeting
21 with Miss Hall?
22           MS. MYLES:  Objection to the form of

Page 348

1  the --
2            MR. PLATT:  No --
3            MS. MYLES:  Wait a minute.
4            Objection to the form of the question
5  and it mischaracterizes his prior testimony.
6            BY MR. PLATT:
7       Q.   Did you or did you not hear rumors about
8  re-call rights before you met with Miss Hall?
9       A.   Like I stated before, I may have heard
10 them.
11      Q.   And you may have not?
12      A.   That too.
13      Q.   If you did hear rumors, who might you
14 have heard them from?
15           MS. MYLES:  Objection, calls for
16 speculation.
17           THE WITNESS:  They're just rumors.  It
18 could have been conversations when people were walking
19 by.
20           BY MR. PLATT:
21      Q.   Could it have been conversations from
22 your meetings with Ms. Buie?

Page 349

1  A. No.
2  Q. No.
3     Is it your testimony that Ms. Buie did
4  not tell you that you would have six months of re-call
5  rights if you didn't sign the separation agreement?
6  A. No.
7  Q. That's not your testimony?
8  A. Sorry, say that question again.
9     MR. PLATT: Can you read it back, please?
10    (The record was read as requested.)
11    THE WITNESS: I get confused when you say
12 stuff like that, when -- like you do not, when you say
13 that in a sentence, I get confused whether I should
14 say -- like how it is. Could you say it a little
15 differently?
16    BY MR. PLATT:
17 Q. Sure.
18    In your meetings with Ms. Buie is it your
19 testimony under oath that Ms. Buie did not tell you
20 that you had the option of accepting six months of
21 re-call rights instead of signing the separation
22 agreement and taking severance?

Misty Klapper & Associates
703-780-9559

Page 350

1  A. I can't recall what me and Ms. Buie said
2  between each other.
3  Q. You can't recall one way or the other?
4  A. Correct.
5  Q. Now, in that same paragraph you stated --
6  in your affidavit on page five, starting on line nine
7  through eleven, you stated, I asked if you don't take
8  the severance package, then I won't get the money, but
9  I could be called back -- strike that. I want to
10 start at the next sentence.
11    You stated, she did not say there was a
12 lack of work. And then you hand wrote in, I never
13 asked if there was a lack of work.
14    Correct, you hand wrote that in?
15 A. Yes, I did.
16 Q. And your counsel asked you about that and
17 asked you if you were responding to a question from
18 Miss Babale and you couldn't recall.
19 A. Yeah, I can't remember what the question
20 was.
21 Q. But you never did ask Ms. Hall the reason
22 for the layoff, correct?

Misty Klapper & Associates
703-780-9559

Page 351

1  A. Correct.
2  Q. Okay. Did you ask anyone else the reason
3  for the layoff?
4  A. Not to my knowledge. We went off of just
5  what Ferline said. She was the person in authority.
6  We took what she said as absolutely true. There's no
7  need to ask anybody else.
8     Does that answer your question?
9  Q. That's your answer.
10    MR. PLATT: I have nothing further.
11    MS. MYLES: Okay. I have a few questions
12 based on what Mr. Platt asked you.
13    FURTHER EXAMINATION BY COUNSEL FOR THE
14    PLAINTIFFS
15    BY MS. MYLES:
16 Q. Going back to that same page, Mr. Coates,
17 and to that same paragraph -- let's see -- Mr. Platt
18 asked you some questions about what was a rehire and
19 what was a re-call. Okay? Let me ask you this:
20    In July of 2012 did anybody from Giant
21 pick up the phone and call you and ask you to come
22 back to work?

Misty Klapper & Associates
703-780-9559

Page 352

1  A. No.
2  Q. Okay. And in June of 2012 you were laid
3  off; is that correct?
4  A. That is correct.
5  Q. From Giant?
6  A. Um-hmm (affirmative).
7  Q. Now, Mr. Platt also asked you some
8  questions about the term and phrase rehire that was in
9  your Separation and Release Agreement.
10    Do you remember those questions or --
11 A. Somewhat, yes.
12 Q. Some of the questions, okay.
13    And my question, again, to you was in
14 your Separation and Release Agreement was there any
15 language that said if you sign the agreement, you
16 would not be able to be re-called back to work after
17 the layoff.
18 A. There was no language in there.
19 Q. And also in your Separation and Release
20 Agreement was there any language that said that if you
21 signed or accepted the severance package or Separation
22 and Release Agreement you would not be able to be

Misty Klapper & Associates
703-780-9559