UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RALPH JACKSON,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **TEAMSTERS LOCAL UNION 922,** *et al.*, <br><br> Defendants. | Civil Action No. 12-2065 (JEB) |

## MEMORANDUM OPINION AND ORDER

Dr. Jerome S. Paige is Plaintiffs' expert on economic loss. Over a defense objection, the Court previously permitted him to submit amended reports, even though they constituted his third and fourth reports on the same topic. On July 8, 2015, after a discussion of this issue at a status hearing, the Court issued a Minute Order that, *inter alia*, precluded Paige from issuing any further reports beyond those four. Plaintiffs now ask the Court to revisit that ruling and to permit him to yet again supplement his reports. As the information he seeks to add was previously available and as Paige has already been given several extra bites at the apple, the Court will deny the Motion.

**I.    Background**

Paige originally prepared a 78-page report, which was served on Defendants on January 30, 2015. See Opp. at 1; Corrected Reply (ECF No. 122) at 1. They conducted his deposition on June 15, but, at the beginning of that proceeding, Paige provided a modified report. See Opp. at 1; Corrected Reply at 2. On that same day, after the conclusion of the deposition, Plaintiffs sent Defendants two new amended reports, and they also indicated that Paige intended to produce another report in the future. See Opp. at 2; Corrected Reply at 1 n.1. At a status hearing on July

1

8, Defendants objected to these latest amended reports, but the Court, to accommodate Plaintiffs, permitted Paige to rely on the reports issued June 15.  See Minute Order of July 8, 2015.  In fairness to Defendants, the Court let them redepose Paige regarding those amended reports and at Plaintiffs' expense.  See id.  The Court, furthermore, expressly stated, "Plaintiffs' expert may issue no further reports [beyond those of June 15]."  Id.

The redeposition occurred on August 5 and concerned the amended report provided at the original deposition, as well as the two additional reports submitted later that same day.  See Opp. at 2.  Plaintiffs have now filed a Motion for Leave to File Supplemental Report – *i.e.*, a fifth report − from the same expert.  See ECF No. 111.  Defendants, not surprisingly, oppose.

## II.     Analysis

In seeking leave to yet again supplement Paige's report, Plaintiffs first argue that Federal Rule of Civil Procedure 26(e)(1)(A) permits such supplementation, notwithstanding the Court's July 8 Order proscribing further reports.  They are correct that Rule 26(e) governs supplementation of discovery disclosures and responses.  Rule 26(e)(1)(A) concerns any disclosures (related to experts or not) under Rule 26(a) and requires a party to "supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ."  Rule 26(e)(2), conversely, applies only to experts and states: "For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition.  Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due."  Plaintiffs thus assert that they are doing no more than following the dictates of the rule.

Defendants rejoin that Paige is not merely supplementing his report, as permitted by the

Rule, but is instead attempting to improperly bolster such report by correcting the flaws highlighted in his August 5 deposition. See Opp. at 8. They argue that courts have commonly restricted supplementation to material not available at the time of the initial report. As the additions were known by Plaintiffs when issuing the earlier reports, therefore, supplementation would be improper.

Defendants have the better of the argument here. As this Court explained in Richardson v. Korson, 905 F. Supp. 2d 193 (D.D.C. 2012):

> [Rule 26(e)] "permits supplemental reports only for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report," Minebea [Co., Ltd. v. Papst], 231 F.R.D. [3,] 6 [(D.D.C. 2005)] (citing Keener v. United States, 181 F.R.D. 639, 640 (D. Mont. 1998)), and "'does not grant a license to supplement a previously filed expert report because a party wants to.'" Estate of Gaither ex rel. Gaither v. District of Columbia, No. 03-1458, 2008 WL 5869876, at *3 (D.D.C. Oct. 23, 2008) (quoting Keener, 181 F.R.D. at 640); see also SEC v. Nacchio, No. 05-480, 2008 WL 4587240, at *3 n.3 (D. Colo. Oct. 15, 2008) (to "construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would reek [*sic*] havoc in docket control and amount to unlimited expert opinion preparation") (internal citation omitted).

Id. at 199; see also DAG Enters., Inc. v. Exxon Mobil Corp., 226 F.R.D. 95, 109-10 (D.D.C. 2005) ("Plaintiffs fundamentally misconstrue the idea of 'supplementation' under Rule 26. '[S]upplementation under the Rules means correcting inaccuracies, or filling the interstices of an incomplete report based upon information that was not available at the time of the initial disclosure.'") (quoting Keener, 181 F.R.D. at 640) (emphasis and alteration in DAG); accord SD3, LLC v. Rea, 71 F. Supp. 3d 189, 194 (D.D.C. 2014).

Plaintiffs here do not contend that the supplementation is based on material previously unavailable to Paige. They concede, in fact, that the August 5 "deposition led plaintiffs to believe that making certain corrections and adjustments to Dr. Paige's calculations would result

3

in a more accurate and complete report as to Plaintiffs' damages . . . ." Mot. at 1. Put another way, Plaintiffs seek supplementation "because during [Dr. Paige's] deposition testimony he discovered that some of his calculations were incorrect and/or incomplete." Id. at 3 (citation omitted). The factual predicate for such justifications, however, does not fit within the parameters of what Rule 26(e) authorizes.

Plaintiffs alternatively maintain that there is no prejudice to Defendants from permitting the supplementation because the revised damages calculations are less favorable to Plaintiffs themselves. To help it consider the merits of such a position, the Court instructed Defendants to file a sur-reply brief to address prejudice. See Minute Order of Nov. 3, 2015. Defendants complied and pointed out that, while certain damages figures might now be eliminated – *e.g.*, by the dismissal of Plaintiff Robert Ciccarelli – many relating to the remaining Plaintiffs are higher, often considerably so, which would redound to Defendants' detriment. See Sur-Reply at 4-6. They also note that the proposed supplemental report "raises entirely new theories of recovery that were previously undisclosed and therefore not addressed during Dr. Paige's two depositions." Id. at 6. It is thus manifest that prejudice would accrue from supplementation.

The Court is mindful that in other cases, courts such as this one have remedied potential prejudice by permitting a further deposition of the expert based on the new report. See Richardson, 905 F. Supp. 2d at 200-01. But that has already happened here. In July, the Court allowed Plaintiffs to submit a third and fourth expert report of Paige, even though both were provided after his initial deposition. See Minute Order of July 8, 2015. To alleviate any prejudice, the Court permitted Defendants to redepose him on those reports. See id. Yet, after granting this indulgence, the Court expressly proscribed its reoccurrence, noting, "Plaintiffs' expert may issue no further reports . . . ." Id. The Court believes that this remains the proper

course and that a fifth bite at the apple is simply not warranted here.  See Burns v. Georgetown Univ. Medical Ctr., 2015 WL 3413477, at *2 (D.D.C. May 28, 2015) (permitting plaintiff to submit second expert report delivered on day of expert's deposition and allowing reopening of deposition, but prohibiting any further report or supplementation as "it would not be fair to allow Plaintiff a third bite at the apple").

### III.  Conclusion

For the foregoing reasons, the Court ORDERS that:

1. The Motion is DENIED; and

2. The parties shall jointly submit a proposed briefing schedule for summary judgment by December 14, 2015.

IT IS SO ORDERED.


                                                    /s/ *James E. Boasberg*
                                                    JAMES E. BOASBERG
                                                    United States District Judge

Date:   December 7, 2015